UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LISA GRIFFIN and MICHAEL W. GRIFFIN, | ) ) | |
| Plaintiff, | ) ) | 3:05-cv-015 RLY/WGH |
| vs. | ) ) | |
| ROBERT K. FOLEY, M.D., | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ON DEFENDANT'S MOTION TO STRIKE SURREPLY**

This matter is before the court on Defendant Robert K. Foley, M.D.'s Motion for Summary Judgment against Plaintiffs Lisa G. Griffin and Michael W. Griffin, and on Foley's Motion to Strike the Griffins' Surreply to his Motion for Summary Judgment. For the following reasons, Foley's Motion to Strike is **granted** and his Motion for Summary Judgment is **denied**.

**I.     Background**

Plaintiff Lisa Griffin ("Griffin") was in a car accident on July 11, 1994, in Valdosta, Georgia. (Griffin Dep. at 45). Thereafter, she was treated by Foley for lower back injuries she suffered in the accident. On June 14, 1994, Griffin underwent a back surgery performed by Foley and a co-surgeon, Dr. Bernard Greiser. Coral reef was used as a bone graft substitute during the procedure.

Following the surgery, the rods that has been used to fuse Griffin's lower back

1

began to protrude against her skin. In early 1995, she discussed the protrusion with Foley and understood it to be a complication from the surgery. (Griffin Dep. at 92). On May 16, 1995, Griffin underwent a second procedure for removal of the rods. After the rods were removed, Griffin continued to have back pain. In August 1995, Griffin requested her medical records from Foley. According to Foley, he explained to Griffin on September 1, 1995 that the fusion in her back had collapsed and that a condition called kyphosis was present.[1] Foley contends that on March 1, 1996, he again told Griffin that the fusion had collapsed and that she would need reconstructive surgery.

Griffin was last treated by Foley on March 3, 1997.[2] On June 11, 1998, Plaintiffs filed a Proposed Complaint with the State of Indiana Department of Insurance, alleging that Foley's treatment of Griffin was negligent. The Defendants in the proposed action (Dr. Grieser, St. Mary's Hospital, and Foley) filed a petition in Vanderburgh Superior Court seeking a preliminary determination that Plaintiffs had filed their Proposed Complaint outside of the relevant statute of limitations. (Ex. 9). On August 9, 2002, the Vanderburgh Superior Court granted the petition for preliminary determination in favor of Dr. Grieser and St. Mary's Hospital, but denied it as to Foley, stating that it could not "say as a matter of law that [Griffin's] complaint, filed on June 11, 1998, was untimely as

---

[1] "Kyphosis" is an "exaggerated outward curvature of the thoracic region of the spine resulting in a rounded upper back." Merriam-Webster's Collegiate Dictionary (11th ed. 2006).

[2] Foley's notes for March 3, 1997 (Ex. 8), as well as the Complaint (Complaint ¶ 10) indicate that Griffin was discharged from Foley's care on March 3, 1997. Foley cites Exhibit A of Griffin's Deposition for the proposition that the last treatment was on March 14, 1997, but the court is unable to glean that fact from the cited exhibit.

to Dr. Foley." (Ex. 16). As such, the Proposed Complaint against Foley was submitted to a medical review panel, which rendered a unanimous opinion in Foley's favor on December 1, 2004. Plaintiffs filed the instant lawsuit on January 18, 2005.

In his Motion for Summary Judgment, Foley argues that Plaintiffs' claim of negligence is untimely because it was filed over three years after the second surgical procedure, and the relevant statute of limitations is two years. Plaintiffs claim that collateral estoppel prevents Foley from raising his statute of limitations argument, because the issue was already decided in state court proceedings. Plaintiffs also argue that the two-year statute of limitations was tolled under the doctrines of continuous wrong and fraudulent concealment.

Plaintiffs did not respond to Foley's Motion to Strike Plaintiffs' Surreply, and their Surreply did not comply with Local Rule 56.1. As such, Foley's Motion to Strike will be granted.

## II.     Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Celotex*, 477 U.S. at 322.

**III.   Analysis**

**A.   Collateral Estoppel**

Plaintiffs contend that the Vanderburgh Superior Court's finding that Foley's course of treatment was not time-barred from being submitted to the medical review panel precludes Foley from raising the statute of limitations as a defense in the case at bar. In the Seventh Circuit, three conditions must be met before collateral estoppel applies: "First, there must be a final judgment in the first action . . . Second, the issue implicated in the second suit must be identical in all respects to the issue decided in the first suit . . . Third, the issue must have been actually litigated and have been essential to the prior decision." *Coleman v. Commissioner of Internal Revenue*, 16 F.3d 821, 830 (7th Cir. 1994). Plaintiffs cannot satisfy the first factor because the Vanderburgh Superior Court's Order in this instance was not a final judgment on the merits; it was issued prior to the completion of discovery and prior to the medical review panel issuing its opinion. Therefore, collateral estoppel does not preclude Foley from raising his statute of limitations defense.

**B.   Statute of Limitations**

Foley argues that all of Plaintiffs' claims are precluded by the statute of limitations.[3] Plaintiffs respond that the statute of limitations should be tolled under the doctrines of "continuing wrong and/or fraudulent concealment." (Response at 21).

The doctrine of continuing wrong will toll the running of a statute of limitations "where an entire course of conduct combines to produce an injury." *Lebrun v. Commer*, 702 N.E.2d 754, 758 (Ind. Ct. App. 1998). In the case at bar, there is a factual dispute regarding whether the follow-up treatment Griffin received after the second surgery continued a negligent course of conduct. Whether the treatment was negligent or not, the court agrees with Plaintiffs that Griffin's allegations go to the entire course of treatment, not just the individual surgeries. As such, the doctrine of continuing wrong could apply, and whether it does is a question for the jury. *E.g.*, *Garneau v. Bush*, 838 N.E.2d 1134, 1145 (Ind. Ct. App. 2005) ("'[w]hether or not these acts formed an unbroken chain from the time they began until within the period of two years next before the bringing of this action, and were of such continuity as to constitute one wrong . . . were facts for the jury'") (quoting *Montgomery v. Crum*, 161 N.E. 251, 259 (Ind. 1928)).

The doctrine of fraudulent concealment applies when a person "by deception or violation of a duty, has concealed material from the plaintiff thereby preventing discovery of a wrong." *Hughes v. Glaese*, 659 N.E.2d 516, 519 (Ind. 1995). Plaintiffs allege that Foley "could have explained to her that the fusion had not been successful, that her

---

[3] There is no dispute that the relevant two-year statute of limitations is found in Indiana Code § 34-18-7-1(b).

condition was severely unstable, and that she needed reconstructive surgery to prevent further deformity. Instead, he told her she was fine." Taking the alleged facts in the light most favorable to Plaintiffs, the doctrine of fraudulent concealment could apply. *But see Booth v. Wiley*, 839 N.E.2d 1168, 1177 (Ind. 2005) ("While finding summary judgment inappropriate on the issue of the medical malpractice statute of limitation, this defense may be presented for resolution based upon the evidence presented at trial.")

## IV.  Conclusion

Foley's Motion to Strike (Docket # 30) is **granted**. Foley is not estopped from arguing his statute of limitations defense; however, Plaintiffs' argument that Foley's actions constitute a continuing wrong and/or fraudulent concealment presents genuine issues of material fact. Therefore, Foley's Motion for Summary Judgment (Docket # 15) is **denied**.

Dated: June 7, 2006.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Electronic copies to:

Clay A. Edwards
O'BRYAN BROWN & TONER PLLC
edwardsc@obtlaw.com

Mark E. Hammond
O'BRYAN BROWN & TONER
hammondm@obtlaw.com

Rocco A. Marrese
Law Offices of Rocco A. Marrese, M.D., LLC.
bonejd@charter.net

Stephanie S. Brinkerhoff Riley
BRINKERHOFF RILEY LLC
ssbrinkerhoff@yahoo.com