UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LISA GRIFFIN and<br>MICHAEL W. GRIFFIN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 3:05-cv-15-RLY-WGH |
| ROBERT K. FOLEY, M.D., | )<br>)<br>) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS'
MOTION FOR SANCTIONS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion for Rule 37(c)(1), Fed.R.Civ.P., Sanctions filed July 4, 2006. (Docket Nos. 75, 78). A response (Docket No. 80), a reply (Docket No. 83), a surreply (Docket No. 90), and a motion to strike a portion of the surreply (Docket No. 91) were also filed.[1] A hearing was held before the Magistrate Judge on August 16, 2006, at which the parties were represented by counsel.

The Magistrate Judge, being duly advised, now enters the following ruling:

This case involves the plaintiffs' claims of medical malpractice brought against Robert K. Foley, M.D. In compliance with Indiana law, the matter was presented to a medical review panel consisting of three physicians. Pursuant to I.C. 34-18-8-4 and 34-18-10-22, the three members of the panel are required to express their

---

[1]The motion to strike a portion of the surreply (Docket No. 91) is **DENIED.**

opinions as to whether or not evidence supports a conclusion that the defendant acted or failed to act within the appropriate standards of care as charged in the plaintiffs' Complaint. In this case, the three doctors involved issued such an expert opinion. The issue before the Magistrate Judge is whether the defendant must provide the expert report required by FED.R.CIV.P. 26(a)(2)(B) for these three witnesses.

Under FED.R.CIV.P. 26(a)(2)(B), "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness."

The parties in this case disagree as to two aspects of this rule. First, they disagree as to whether these three panel members are "retained or specially employed to provide expert testimony in the case." Second, they dispute whether there has been a stipulation, or direction by the court, that the disclosures need not be presented.

**A.     Are the medical review panelists retained or specially employed?**

As to the first issue, the Magistrate Judge concludes that so long as the defendant anticipates calling one or more of the three medical review panelists as a witness at trial, or proposes to use their testimony or opinions in any regard in motions for summary judgment, then such a witness becomes "retained or specially employed to provide expert testimony in the case." Although these witnesses were

not employed by either party at the time they prepared their opinions as medical review panelists, once the opinions which they developed during the course of their duties as panel members are going to be used by one party to the litigation, the witnesses become "retained or specially employed" for purposes of presenting that testimony and those opinions to the court or jury. Whether the witnesses are paid large amounts or little for that function, it is clear that their role is to provide to the jury specialized opinion testimony. The Indiana statute does not provide that medical review panelists must gratuitously supply their opinions for use of either party in civil litigation that may follow the medical review panelists' decision. Therefore, the Magistrate Judge concludes that if either party to litigation wishes to use the opinions of a medical review panelist, they must disclose the medical review panelist with the appropriate written report.

    A distinction should be noted between "disclosing" the expert under FED.R.CIV.P. 26(a)(2)(A) and providing a "report" as required by FED.R.CIV.P. 26(a)(2)(B). It is, of course, possible that a particular party will identify the members of a medical review panel under FED.R.CIV.P. 26(a)(2)(A) because they may be used at trial to present evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence. However, if the party who discloses the identity makes an unequivocal decision that the medical review panelists' testimony will not be used at trial or on summary judgment, there is no requirement that the "report" accompanying the disclosure be provided.

**B.     Have the parties stipulated or has the court ordered that such reports are not required?**

As to the second issue, Rule 26 does provide that by stipulation or court order the parties may determine that the report should not be provided. After all, it is an expensive proposal to require each expert to provide such a report. There can be circumstances in which the expert's factual investigation and opinions are sufficiently described in other documents such that the report required by FED.R.CIV.P. 26(a)(2)(B) would add undue burden and expense to the completion of the litigation.

In this case, the parties specifically addressed the issue of medical review panel members in their Case Management Plan at Section III(G), which stated, in part, as follows:

> G.     Defendant shall disclose the name, address and vita of all retained expert witnesses (not including medical review panel members) and shall serve the report required by Fed.R.Civ.P. 26(a)(2)(B) within sixty (60) days after Plaintiffs serve their expert witness disclosure, or if none, Defendant shall make his expert disclosure on or before June 18, 2006.

The parties have submitted affidavits of counsel, and from these affidavits and materials the Magistrate Judge concludes that there is some ambiguity contained in the Case Management Plan and there was not a meeting of the minds between counsel as to whether this paragraph simply excluded the medical review panel members from the requirement to disclose their name, address and vita – as all parties were already aware of the panel members' names – or whether the parties intended to exclude the medical review panelists from the requirement that they

provide a written report. Given that the parties have differing positions on the agreement as to what this paragraph means, the Magistrate Judge concludes that there has not been a stipulation by the parties that the report would not be provided. Likewise, the court order approving the plan did not specifically resolve the ambiguity in the plan.

Because there is not a clear and unambiguous court order, or stipulation, the Magistrate Judge concludes that the reports required by FED.R.CIV.P. 26(a)(2)(B) must be served with respect to the medical review panel members if they are to be called at trial. Therefore, the plaintiffs' motion for sanctions should be granted to the extent that the defendant is ordered to provide reports from any panelist to be used in these proceedings. However, since the striking of an expert witness is an extreme sanction, the Magistrate Judge will not order that the testimony be excluded. Rather, the defendant will be ordered to produce those disclosures forthwith. To the extent that the disclosures cannot be produced forthwith and the September 28th trial date cannot be maintained, the case will be moved a short time to accommodate obtaining these disclosures. In the event the plaintiffs wish to waive the disclosures in order to maintain the current trial date, the plaintiffs are free to take the depositions of the three panelists without the appropriate report being made prior to the depositions as the rule would otherwise require.

**C.     The Opinions of Dr. Gerhard Grieser**

The parties dispute whether Dr. Gerhard Grieser, a treating physician, is also required to serve a written disclosure as to certain aspects of his testimony –

particularly his testimony relating to "the success rate for back fusion surgeries in 1994."

The Magistrate Judge believes that treating physicians are not subject to FED.R.CIV.P. 26(a)(2)(B) disclosures so long as any opinion testimony offered is derived directly from the particular treatment of the plaintiff. Therefore, to the extent that Dr. Grieser is required to discuss changes in the nature of back fusion surgeries between 1994 and the time of his treatment in order to fully explain reasons why particular actions were taken in his more recent surgery, such expert opinion is not foreclosed. However, to the extent Dr. Grieser has performed separate research of medical literature, independent of his treatment of Lisa Griffin, and specifically to amplify his opinions as a part of his testimony, then he must serve a disclosure specifically stating his opinions, the basis of his opinions, and otherwise be in compliance with FED.R.CIV.P. 26(a)(2). The defendant is advised that if Dr. Grieser has performed separate or independent research on these issues, his testimony as to those separate or independent research activities will not be allowed as testimony in this case unless a specific disclosure is served.

**D.     The Opinions of Dr. Rick Sasso**

Plaintiffs also seek to bar a portion of the testimony of Dr. Rick Sasso for failing to provide a complete disclosure under the rule. Specifically, Dr. Sasso in his report made reference to "numerous scientific studies published in our literature," but has not provided those studies. Secondarily, plaintiffs seek to prevent the disclosure of Dr. Sasso's opinions because he has failed to disclose certain information on his previous trial testimony.

At this time, the Magistrate Judge declines to order Dr. Sasso's opinions stricken, although the Magistrate Judge may agree to reconsider this decision after any deposition of Dr. Sasso is taken. In the Magistrate Judge's opinion, there may be medical knowledge that is so generally accepted within the medical community that a particular physician's opinions based on general reference to literature and studies may be sufficient to be reliable, so long as some portions of the literature and studies are provided to the cross-examining attorney for review. In this case, so long as Dr. Sasso provides some literature and studies to support his conclusion, the Magistrate Judge will not conclude that he must provide each and every piece of literature and study on the same issue.

Likewise, although the rule requires the treating physician to list other cases in which he/she has testified as an expert at trial or by deposition, a failure to comply with that rule does not in every instance require that the testimony be stricken.

The information provided to the court in this motion has established that Dr. Sasso was able to give significant parameters on his trial testimony. From that, Dr. Sasso should be able to recreate the information as to his trial testimony. Counsel for defendant is **DIRECTED** to assist Dr. Sasso in obtaining this information and is **DIRECTED** to produce the information related to trial testimony for the plaintiffs. As to Dr. Sasso's deposition testimony, the court will take under advisement whether to strike any additional testimony until it can be determined whether Dr. Sasso can be shown to be subjected to claims of bias or prejudice because he has provided testimony substantially only for plaintiffs or defendants, or a showing is

made that a substantial part of his deposition testimony is not related to his own patients but is testimony by way of conducting independent medical examinations. If Dr. Sasso does not maintain a practice of providing independent medical examinations for either the plaintiffs' bar or the defendants' bar substantially, then his failure to maintain the list required by the rule will not, in this case, prohibit his testimony.

Therefore, the plaintiffs' motion for sanctions is **GRANTED, in part,** and **DENIED, in part.** The defendant shall serve expert reports for any of the medical review panelists which they will use at trial or on summary judgment. Absent the report, their testimony will be stricken. The motion for sanctions to strike Dr. Greiser's testimony is denied at this time, subject to reconsideration if it becomes apparent that Dr. Greiser did separate, specific research for purposes of amplifying his testimony at trial or for summary judgment purposes. If he has done so, his testimony will be stricken unless he promptly provides an expert report. The motion to strike Dr. Sasso's testimony is denied at this time, subject to later reconsideration after his deposition has been taken.

**SO ORDERED.**

**Dated:**  08/25/2006

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Rocco A. Marrese
Law Offices of Rocco A. Marrese, M.D., LLC.
bonejd@charter.net

Stephanie S. Brinkerhoff Riley
BRINKERHOFF RILEY LLC
ssbrinkerhoff@yahoo.com

Clay A. Edwards
O'BRYAN BROWN & TONER PLLC
edwardsc@obtlaw.com

Mark E. Hammond
O'BRYAN BROWN & TONER
hammondm@obtlaw.com